**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK THOMAS, individually and on behalf of all others similarly situated | ) | 08 C 455 |
| Plaintiff, | ) | Judge Bucklo |
| v. | ) | Magistrate Judge Valdez |
| HUGO'S FROG BAR-NAPERVILLE, LLC. | ) | JURY DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Mark Thomas, respectfully requests that this Court enter an order determining that this action alleging violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), be certified as a class action.

The class consists of "as all consumers to whom Defendant Hugo's provided an electronically printed receipt at the point of sale or transaction, after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's creditor debit card or (c) both."

Plaintiff further requests that counsel for plaintiff be appointed counsel for the class.

In support of this motion, plaintiff states as follows:

**NATURE OF THE CASE**

1. One provision of the December 2003 Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. §1681c(g), provides that:

> **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

2. A FACTA/FCRA plaintiff may recover statutory damages if she can prove that the defendant "willfully" violated the statute. *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2215-16 (2007), 15 U.S.C. § 1681n. Willful for purposes of the FCRA means to have reckless disregard for violation of the statute. *Safeco*, 127 S.Ct. at 2215-16; *Edwards v. Toys "R" Us*, case no. 06-08163, 2007 U.S. Dist. LEXIS 94448 (C.D. Cal. Nov. 5, 2007) (denying FACTA truncation defendant's motion for summary judgment).

3. On May 12, 2007 and May 19, 2007, plaintiff received from Hugo's at its 55 South Main Street store in Naperville, a computer generated register receipt which displayed his expiration date.

4. Receipt truncation is an important protection against identity theft, which according to the Federal Trade Commission victimized some 9 million persons and caused over $57 billion in harm in 2006 alone. "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007. Exhibit 1. One common *modus operandi* of identity thieves is to collect lost or discarded credit card receipts, or steal them, and use the information on them to engage in fraudulent transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 5, 2006, p. B1. Exhibit 2.

## CLASS CERTIFICATION REQUIREMENTS

5. All requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

6. Defendant is a high volume steak house located in Naperville.

7. In this case, it is reasonable to infer that between December 4, 2006 and at least May 19, 2007 when plaintiff received his second receipt that it issued at least forty receipts. Plaintiff will be issuing discovery to show numerosity is met.

8. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions include the following:

a. Whether defendant had a practice of providing customers with a sales or transaction receipt on which defendant printed the entire credit card number and expiration date;

b. Whether defendant thereby violated FACTA; and

c. Whether defendant's conduct was willful.

9. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

10. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of class members. Plaintiff has retained experienced counsel. Exhibit 3.

11. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

a. Consumers are unlikely to recognize the violation; and

b. Individual actions are uneconomical.

12. This Court recently certified a FACTA receipt truncation class action in *Halperin v. Interpark Inc.*, case no. 1:07-cv-2162, 2007 U.S. Dist. LEXIS 87851 (N.D.Ill. Nov. 28, 2007), citing *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006). Other courts, too, have held that actions alleging willful FCRA violations and seeking statutory damages are appropriate for class resolution. *Troy v. Balducci*, case no. 1:07-cv- 2418, 2007 U.S. Dist. LEXIS 89004 (N.D.Ill. Dec. 4, 2007); *Harris v. Circuit City*, case no. 07 C 2512 (N.D.Ill Feb. 7, 2008). Exhibit 4.

13. In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action, and that counsel for plaintiff be appointed class counsel.

Respectfully submitted.

/s/Alexander H. Burke

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)