**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK THOMAS, individually | ) | |
| and on behalf of all | ) | |
| others similarly situated | ) | 08 C 455 |
| | ) | |
| Plaintiff, | ) | Judge Elaine E. Bucklo |
| | ) | |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| HUGO'S FROG BAR-NAPERVILLE, LLC. | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

**A. Nature of the Case** Plaintiff claims that defendant printed his credit card expiration date on credit card receipts they received at defendant's stores in violation of FCRA 15 U.S.C. 1681c(g). Plaintiff seeks to represent a class of similarly situated customers.

1. Bases for jurisdiction, nature of the claims and counterclaims. Jurisdiction is federal question, 28 U.S.C. §§ 1331 and 1337, and FCRA 15 U.S.C. § 1681p. There is currently no counterclaim.

2. Relief sought by plaintiff, including computation of claimed damages, if available. Plaintiff seeks statutory damages for himself and the class, plus reasonable attorney's fees and costs. Statutory damages for a willful violation are $100 to $1,000 per violation. 15 U.S.C. § 1681n.

3. Names of any parties that have not been served. The sole defendant has been served.

4. Major legal issues. Whether class certification is appropriate, whether plaintiff's allegations are sufficient to state a claim for a willful violation of the statute, and whether it is appropriate to stay an action pending proposed legislation that will change the applicable law. The defendant asserts an additional issue: whether it is legal to assess statutory damages for the display of a credit card's expiration date

5. Major factual issues. Whether there was a violation of FACTA and the damages, if any, to which plaintiff is entitled.

6. Citations to key authorities. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (May 21, 2007) and *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201 (June 4, 2007).

**B. Preparation of Draft Scheduling Order**. Defendant plans to file a Motion to Stay on or before March 25, 2008 as a result of pending legislation that would directly affect this action. In connection with that Motion, defendant will seek to temporarily stay discovery. Plaintiff would oppose any such motion. To the extent the Court does not grant such a stay, the parties jointly propose the scheduling order include the following dates.

1. Rule 26(a)(1) disclosures due April 11, 2008.

2. Join other parties and to amend the pleadings by May 1, 2008.

3. Discovery cutoff - September 30, 2008.

4. Plaintiff to disclose expert report by September 30, 2008.

5. Defendant to disclose expert report by October 30, 2008.

6. Summary judgment motions due by December 3, 2008.

**C. Trial Status**

1. Plaintiff has requested a jury.

2. The trial will likely last five days.

3. Plaintiff shall submit draft pretrial memorandum to defendant by February 27, 2009 and parties will jointly submit pretrial memorandum by March 12, 2009.

**D. Consent to Proceed Before a Magistrate Judge** The parties do not unanimously consent to the jurisdiction of a Magistrate Judge.

**E. Settlement Status**

1. The parties have not initiated settlement discussions. Plaintiff has requested putative class information and propounded discovery to allow him to make a class wide offer.

Respectfully submitted,

/s/ Keith J. Keogh
*Counsel for Plaintiff*

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

/s/_Laura A. Bernatowicz
*Counsel for Defendant*

Jonathan S. Feld
Dawn M. Canty
Laura A. Bernatowicz
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
Tel: (312) 902-5200