IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| MARK THOMAS, individually and on behalf of all others similarly situated, | ) | |
| | ) | No. 08 C 455 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| HUGO'S FROG BAR-NAPERVILLE, LLC, | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**DEFENDANT HUGO'S FROG BAR-NAPERVILLE, LLC'S MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendant Hugo's Frog Bar-Naperville, LLC ("*Hugo's*"), by and through its undersigned attorneys, respectfully submits this Motion To Stay Proceedings, or, in the alternative, To Dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Hugo's submits its Memorandum in Support and states as follows:

1. On January 22, 2008, Plaintiff Mark Thomas ("Plaintiff") filed his Complaint against Hugo's for alleged willful violations of the truncation requirement of the Fair and Accurate Credit Transactions Act ("FACTA"), codified at 15 U.S.C. § 1681c(g), which amended the Fair Credit Reporting Act. ("Section 1681c(g)").

2. This Motion is Hugo's first responsive pleading to the Complaint.

3. Plaintiff alleges that Hugo's willfully violated Section 1681c(g) by printing the expiration date of his credit card on two separate receipts.

4. Plaintiff's entire Complaint against Hugo's hinges on the meaning of willfulness, as defined in 15 U.S.C. § 1681n.

5. A congressional bipartisan group proposed a corrective amendment to Section 1681n, which would retroactively change the definition of "willful noncompliance" to exclude those persons who printed an expiration date on a receipt between December 4, 2006 and the date of enactment of this amendment but otherwise complied with Section 1681c(g).

6. Thus, if enacted, the proposed legislation would likely cause Plaintiff's Complaint to be dismissed because it only alleges that Hugo's printed expiration dates on the receipts, and does not allege any other violations of Section 1681c(g) or actual damages.

7. The proposed amendment, H.R. 4008, was introduced in Congress on October 30, 2007, and has recently been referred to the House Subcommittee on Financial Institutions and Consumer Credit on January 11, 2008.

8. Therefore, this Court should grant Hugo's a stay of 120 days to give Congress the opportunity to amend Section 1681n so that it aligns with its true intentions before the parties and this Court needlessly spend additional time and resources on this case.

9. In the alternative, the Court should dismiss Plaintiff's Complaint, as it fails to plead sufficient facts under applicable pleading standards to state a plausible claim for willful violations of Section 1681c(g).

10. Two recent United States Supreme Court decisions, which speak to these pleading standards — *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969 (May 21, 2007) and *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2215 (June 4, 2007) — establish that to plead a claim for a willful violation of Section 1681c(g), a plaintiff must plead facts plausibly showing that Hugo's was aware of the requirement that expiration dates need to be redacted, and that it acted with intent in violating that prohibition.

11. Plaintiff's sole factual allegation is he received from Hugo's two computer-generated receipts on separate occasions in May 2007 "which displayed his expiration date." (*Id.* at ¶ 20.) The remainder of Plaintiff's allegations are conclusory and speculative, and thus do not sufficiently allege a plausible willful violation of FACTA.

WHEREFORE, for all of the foregoing reasons and as set forth more fully in its Memorandum of Law in Support of this Motion To Stay Proceedings, or, in the alternative, To Dismiss Plaintiff's Complaint, Hugo's respectfully requests this Court:

(a) grant its motion to stay for 120 days or until Congress enacts the proposed legislation, whichever comes first; or

(b) in the alternative, grant its motion to dismiss Plaintiff's Complaint with prejudice; or

(c) for such other relief as this Court deems just and proper.

Dated: March 25, 2008

Respectfully submitted,

Hugo's Frog Bar – Naperville, LLC

By: s/ Laura A. Bernatowicz_______
One of Its Attorneys

Jonathan S. Feld (6270992)
Dawn M. Canty (6200971)
Laura A. Bernatowicz (6289055)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200
(312) 902-1061 (fax)