IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| MARK THOMAS, individually and on behalf of all others similarly situated, | ) | |
| | ) | No. 08 C 455 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| HUGO'S FROG BAR-NAPERVILLE, LLC, | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT HUGO'S FROG BAR-NAPERVILLE, LLC'S MOTION TO STAY PROCEEDINGS OR DISMISS**

Defendant Hugo's Frog Bar-Naperville, LLC ("*Hugo's*"), by and through its undersigned attorneys, submits the following Memorandum of Law in Support of its Motion To Stay Proceedings, or, in the alternative, To Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff, in conclusory fashion, attempts to state a claim for violation of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), codified at 15 U.S.C. § 1681c(g), which is an amendment to the Fair Credit Reporting Act ("FCRA"). FACTA requires:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. 15 U.S.C. § 1681c(g)(1).

Plaintiff alleges that Hugo's willfully violated FACTA when it printed Plaintiff's credit card expiration date on his receipts. Since FACTA became fully effective on December 4, 2006, federal courts in Illinois and across the country have seen a rash of class-action lawsuits alleging "willful" violations of Section 1681c(g) under such circumstances. This Plaintiff's counsel alone

has filed twelve virtually identical lawsuits, each reciting the same statutory language in an effort to satisfy factual allegations for the "willfulness." *See* 15 U.S.C. § 1681n.

A bipartisan congressional proposal to correct FACTA to exclude disclosure of a credit card's expiration date from the definition of "willful non-compliance" is under serious consideration. The amendment is proposed to be applied retroactively and would preclude this action. Thus, this Court should grant Defendant's Motion to Stay all proceedings for either 120 days, or until Congress takes action on the legislation, whichever comes first.

In the alternative, the Court should dismiss this Complaint, as it does not sufficiently plead willfulness. Two recent United States Supreme Court decisions — *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969 (May 21, 2007) and *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2215 (June 4, 2007) — establish that to plead a claim for a willful violation of Section 1681c(g), a plaintiff must plead facts plausibly showing that Hugo's willfully disregarded that expiration dates be redacted. Plaintiff's Complaint does not meet this standard.

## FACTUAL ALLEGATIONS

Hugo's, a privately owned restaurant in Naperville, Illinois, accepts credit and debit cards. (Compl. ¶¶ 18-19.)[1] Plaintiff, a resident of the district, received from Hugo's two "computer-generated" receipts on separate occasions in May 2007 "which displayed his expiration date." (*Id.* at ¶ 20.) Plaintiff alleges that Hugo's knew, or should have known, of the "truncation" requirement, that requires the expiration date be removed. (*Id.* at ¶¶ 35-36.)

Plaintiff alleges that Hugo's willfully violated Section 1681c(g)'s prohibitions, when it displayed his credit card's expiration date for which he seeks on behalf of himself and a proposed class, statutory damages, punitive damages, attorney fees, and costs. (*Id.* at ¶¶ 75-77.)

---

[1] Hugo's does not admit the facts alleged in the Complaint, but takes these facts as true for purposes of this motion only. Fed. R. Civ. P. 12(b)(6).

The sole basis for the allegation of willfulness is that "[t]he requirement was widely publicized among retailers." (*Id.* at ¶ 37.) Plaintiff does not allege that Hugo's printed any receipt containing more than the last five digits of the person's credit or debit card number. Further, Plaintiff does not allege actual harm or identity theft resulting from the display of his credit card's expiration date.

## ARGUMENT

### I. The Proceedings Should Be Stayed In Light Of The Pending Legislation Which Would Amend Section 1681n And Retroactively Preclude Plaintiff's Complaint.

A bipartisan congressional coalition has proposed revisions to clarify FACTA. The legislation addresses precisely the situation present in this case and precludes suits seeking "[c]ivil liability for willful noncompliance," 15 U.S.C. § 1681n, based solely on display of a credit card's expiration date. Credit and Debit Card Receipt Clarification Act of 2007, H.R. 4008, 110th Cong. § 3(a) (2007). It would exclude from "willful violations" any person whose only action was to display a credit card's expiration date. The proposed amendment states:

> (d) Clarification of Willful Noncompliance- For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of enactment of this subsection but otherwise complied with the requirements of [Section 1681c(g)] for such receipt shall not be in willful noncompliance with [Section 1681c(g)] by reason of printing such expiration date on the receipt. H.R. 4008 §3(a)

Further, the bill states that this amendment would be retroactive to encompass any violation of Section 1681c(g), regardless of "whether such action is brought before or after the date of the enactment of this Act." H.R. 4008 §3(b).[2] Thus, if enacted, the legislation would retroactively apply to this case.

---

[2] The proposed legislation would exclude final judgments. H.R. 4008 § 3(b).

The legislation is a direct response to the type of case exemplified here. Plaintiff's Complaint is based on two incidents: "On May 12, 2007 and May 19, 2007, plaintiff received from Hugo's . . . a computer generated register receipt which displayed his expiration date." (Compl. ¶ 20.) The claim of a willful violation of Section 1681c(g) would fail if the new law were enacted because, according to Plaintiff's allegation, Hugo's printed receipts did comply with the credit card truncation requirements by not including more than the last five digits of a person's credit or debit card. It did include the expiration date. Yet Plaintiff does not claim actual damages resulting from displaying the expiration date on his receipts.

Since the Credit and Debit Card Receipt Clarification Act was introduced on October 30, 2007, a bipartisan group of 42 representatives has co-sponsored this bill. On January 11, 2008, it was referred to the House Subcommittee on Financial Institutions and Consumer Credit.[3] This Court should permit Congress the opportunity to amend Section 1681n so that it aligns with its true purpose before the parties and this Court needlessly spend additional time and resources on this case.

### A. The Factors to Be Weighed in Deciding a Motion to Stay Heavily Favor Granting the Motion.

In determining whether a stay is appropriate, the court's discretion is guided by the following factors: "(1) whether a stay will result in a simplification or a complication of the issues; (2) what stage the litigation is at, including whether discovery is in its early stages or will almost be completed, and whether a trial date has been set, and (3) whether a stay will cause undue prejudice to the nonmoving parties." *Panduit Corp. v. Chatsworth Products, Inc.*, No. 04 C 4765, 2005 WL 577099, at *1 (N.D. Ill. March 2, 2005). The discretion to stay a case is

[3] This legislation is pending or awaiting a vote in the House of Representatives and has not yet been referred to the Senate. *See* H.R. 4008, 108 CONG. REC. H12237 (2007).

"incidental to the power inherent to every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Wireless Spectrum Techs., Inc. v. Motorola Corp.*, No. 00 C 0905, 2001 WL 32852, at *1 (N.D. Ill. Jan. 12, 2001). Because of the legislation's potential effect on Plaintiff's claims, it would be appropriate to stay all proceedings for 120 days, or until Congress acts, to promote judicial economy and reduce unnecessary litigation costs.

**1. A Stay Will Likely Result in a Simplification of the Issues.**

A stay will greatly simplify the issues in question. If Congress passes the proposed legislation, Plaintiff's Complaint would likely be dismissed. The proposed legislation addresses the main issue: that the Complaint asserts "willful" violations of Section 1681c(g) based solely on the allegation that an expiration date was printed on a receipt. It does not contain any particularized allegations that would establish willfulness rather than negligence.

As reflected in the legislative background to the proposed amendment, the existence of an expiration date alone on a receipt does not put someone at risk of fraud. "Experts in the field agree that proper truncation of the card number, by itself . . . , regardless if the inclusion of the expiration date, prevents . . . identity theft or credit card fraud." H.R. 4008 §2(a)(6). As more fully discussed *infra* in Section II, absent pleading a willful violation of FACTA, Plaintiff must prove actual damages to avoid dismissal. The conduct alleged against Hugo's—that it printed the expiration date of Plaintiff's credit card on a receipt—could no longer be the basis of a willful violation of Section 1681c(g).

**2. Because This Case is in its Preliminary Stages, a Stay is Not Disfavored.**

Motions to stay are appropriate where the case is in its early stages and discovery has not begun. *See Wireless Spectrum*, 2001 WL 32852, at *2 (granting motion to stay where "case

[had] not progressed beyond the initial pleading stage"). The Complaint was filed two months ago. This Motion is Hugo's first responsive pleading to the Complaint. The parties have not responded to discovery, and a trial date has not been set. Neither party has devoted a significant amount of time or resources at this point in the litigation. In addition, class certification has not been fully briefed let alone decided—Hugo's response to Plaintiff's Motion for Class Certification is presently due on May 1, 2008. If Congress does pass the legislation within 120 days, then no discovery or trial will be needed, as the Complaint will likely be dismissed.

**3. A Stay Will Not Harm Plaintiff Whereas Not Staying the Case Will Prejudice Defendant.**

The stay would not cause undue prejudice to Plaintiff. Rather, a stay will prevent squandering resources should the amendment be enacted. If the legislation is passed, both Plaintiff and Defendant would not have to incur unnecessary costs to prosecute and defend a class action where the stakes could well be quite high. To date, Plaintiff has not alleged any actual harm stemming from Hugo's printing the expiration date on his receipts, despite that these infractions allegedly occurred over nine months ago. No claims of identity theft resulting from these receipts have been asserted—nor, at this point, will any such plausible claims likely be asserted. Thus, if this case is allowed to proceed, both parties would needlessly incur the costs of discovery.

**B. The Congressional Motivation Behind the Proposed Legislation Further Supports Granting the Motion to Stay.**

The purpose of the proposed legislation is "to ensure that consumers suffering from any <u>actual harm</u> to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers." H.R. 4008 §2(b) (emphasis added). This lawsuit is

precisely the type that the proposed legislation seeks to avoid. When there is a likelihood that Congress will reiterate the statute's goal was to require specific evidence of willfulness based on actual deliberate actions of the merchant, the case should be stayed.

### C. Staying All Proceedings Pending a Change in the Status of Law is an Appropriate Remedy.

In similar situations, courts have granted motions to stay pending a change to the law. *See Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007) (stating that action was deferred pending Supreme Court's decision where decision was to change Seventh Circuit's understanding of the securities statute at issue); *Breeden v. Kaiser Aluminum & Chem. Corp.*, No. CV-05-363, 2007 WL 1461290, at *1 (E.D. Wash. May 16, 2007) (noting that discrimination act case was stayed because of pending legislation to amend the act); *Levy v. Sterling Holding Co., LLC*, No. Civ. A. 00-994, 2004 WL 2251268, at * 1 (D. Del. Sept. 27, 2004) (granting defendant's motion to stay the litigation pending final action by the SEC on its proposed amendments); *Cortes v. Bd. of Governors*, No. 89 C 3449, 1991 WL 148181, at *1-2 (N.D. Ill. July 19, 1991) (staying further proceedings until the U.S. Supreme Court ruled where Supreme Court's decision would finally resolve the issues of the case).[4] Therefore, because the enactment of this legislation would materially affect the issues of the instant case, the court should grant Hugo's Motion to Stay.

---

[4] *See also Gamaly v. Tumi, Inc.*, No. C-07-04758, at *1-2 (N.D. Cal. March 7, 2008) granting a stay of similar FACTA litigation where the defendant sought a stay because of the pending legislation, H.R. 4008, and because of the pending decision in the Ninth Circuit in *Soualian v. International Coffee & Tea, LLC*, No. CV 07-502, 2007 WL 4877902 (C.D. Cal. June 11, 2007) (appeal pending) addressing whether class certification is appropriate in FACTA cases. The plaintiff did not oppose having the case stayed pending the ruling in *Soualian*, and thus the court granted the stay until the Ninth Circuit issues a decision. *Id.* at *2.

## II. In The Alternative, Plaintiff's Complaint Should Be Dismissed As It Fails To Plead Sufficient Facts Under Applicable Pleading Standards To State A Plausible Claim For Willful Violations of Section 1681c(g).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court recently clarified the pleading standard of Federal Rule of Civil Procedure 8(a)(2). 127 S. Ct. at 1969. The Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual allegations must be enough to raise a right to relief ***above*** the speculative level." *Id.* at 1965 (emphasis added). Under *Twombly*, a complaint relying on "labels and conclusions" is no longer sufficient, but rather a plaintiff must plead facts to establish a claim is plausible, not merely possible. *Id.*

Application of *Twombly* mandates dismissal. Plaintiff pleads only "labels and conclusions." The allegations do not exclude negligence as an explanation for the credit card expiration date on the Hugo's receipts. *See Twombly*, 127 S. Ct. at 1964, 1970-72 (concluding that because allegations of parallel conduct alone did not state a Sherman Act violation, the class representative needed to allege facts that excluded independent conduct as an explanation for the service providers' actions). As noted above, Plaintiff only states one factual allegation in its Complaint: that Hugo's printed "his expiration date" on two receipts. The remainder of his allegations are speculative, conclusory, and do not allege any deliberate act by Hugo's that would be sufficient for willfulness. This Complaint should be dismissed under Rule 12(b)(6) as it fails to state a plausible claim for a willful violation of Section 1681c(g). *See* Fed. R. Civ. P. 12(b)(6).

The Complaint, therefore, falls well short of the critical "line between possibility and plausibility." *See, Twombly*, 127 S. Ct. 1964-65, 1974 ("Because [Plaintiff has] not nudged [his] claim across the line from conceivable to plausible, [his] complaint must be dismissed.") It is not enough that Plaintiff's claims could be "merely consistent with" a finding of willfulness. *Id.*

at 1966. The Complaint must—but does not—contain factual allegations that defendant plausibly acted with willfulness. *Id.* Thus, because Plaintiff's conclusory allegations do not exclude the possibility that Hugo's may have only been negligent in printing the expiration date, Plaintiff did not properly plead a plausible claim for willfulness.

Plaintiff asserts that because Hugo's "knew or should have known of the truncation requirements" (Compl. ¶ 35) as "[t]he requirement[s] [were] widely publicized among retailers" (*Id.* ¶ 37), then Hugo's must have "willfully disregarded FACTA's requirements [by] continu[ing] to use cash registers or other machines or devices that printed receipts in violation of FACTA." (*Id.* ¶ 75). Using Plaintiff's logic, every violation, no matter the cause, is willful. Under Plaintiff's approach, no retailer could ever be simply negligent in its compliance with the statute. That contradicts the statutory language which requires willfulness.

Yet the Complaint is devoid of allegations that Hugo's was actually aware of the publicity of the requirements, or understood from that publicity that expiration dates needed to be removed from receipts. Plaintiff cannot impute knowledge and understanding of the requirements of Section 1681c(g) to Hugo's solely because those requirements were published to unidentified "retailers." In fact, Plaintiff, represented by the same counsel, asserted these same non-specific allegations of knowledge ***verbatim*** against another retailer in a case filed the same day as this case. *See* Compl. at ¶¶ 35-75, *Thomas v. Ritz Camera Ctrs., Inc.*, No. 08 C 453 (N.D. Ill. Jan. 22, 2008).[5] Rote allegations that do little more than mirror the elements of FACTA are insufficient to plead willfulness under *Twombly*. 127 S. Ct. at 1965 (asserting that "a formulaic recitation of the elements of a cause of action will not do").

---

[5] As a matter of public record, the Court can take judicial notice of a complaint filed within its district by the same plaintiff and its counsel. *See Global Relief v. NY Times Co.*, No. 01 C 8821, 2002 WL 31045394, at *4-5 (N.D. Ill. Sept. 11, 2002).

Although other judges in the Northern District of Illinois have rejected *Twombly* arguments in motions to dismiss FACTA cases, this Court is not obliged to follow those decisions. *See Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782 (N.D. Ill. 2007) (J. Der-Yeghiayan); *Follman v. Hospitality Plus of Carpentersville, Inc.*, No. 07 C 2934, 2007 WL 3052962 (N.D. Ill. Oct. 17, 2007) (J. Moran); *Harris v. Wal-Mart Stores, Inc.*, No. 07 CV 2561, 2007 WL 3046162 (N.D. Ill. Oct. 10, 2007) (J. Darrah); *Follman v. Village Squire, Inc.*, No. 07 C 3767, 2007 WL 4522614 (N.D. Ill. Dec. 18, 2007) (J. Kendall). Moreover, as more cases are filed parroting the same conclusory allegations of willfulness, it becomes compelling that this Complaint is legally insufficient because not a single fact specific to Hugo's actions or state of mind is alleged.

The Supreme Court in *Safeco* defined "willful" as an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." 127 S. Ct. at 2215. Here, Hugo's actions could not be "willful" because the Complaint does not contain allegations that would support even an inference that mere printing the expiration date of his credit card (1) was intentional and (2) entailed any obvious risk of harm to Plaintiff. Therefore, Plaintiff's Complaint should be dismissed as it has not sufficiently pled a claim against Hugo's under the *Twombly* and *Safeco* standards.

**CONCLUSION**

For the foregoing reasons, Hugo's respectfully requests that this Court either (a) grant its motion to stay for 120 days or until Congress enacts the proposed legislation, whichever comes first, or, (b) in the alternative, grant its motion to dismiss Plaintiff's Complaint with prejudice.

Dated: March 25, 2008

Respectfully submitted,

Hugo's Frog Bar – Naperville, LLC

By: s/ Laura A. Bernatowicz________
One of Its Attorneys

Jonathan S. Feld (6270992)
Dawn M. Canty (6200971)
Laura A. Bernatowicz (6289055)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200
(312) 902-1061 (fax)