# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| MARK THOMAS, individually and on behalf of all others similarly situated, | ) | |
| | ) | No. 08 C 455 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| HUGO'S FROG BAR- NAPERVILLE, LLC, | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**HUGO'S FROG BAR-NAPERVILLE, LLC'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Hugo's Frog Bar-Naperville, LLC ("*Hugo's*"), by and through its attorneys, responds to Plaintiff's First Set of Interrogatories by Plaintiff Mark Thomas ("*Plaintiff*"), as follows:

**GENERAL OBJECTIONS**

1. Hugo's objects to any interrogatory that may be construed as seeking information: (a) prepared by or for any of Hugo's' attorneys; (b) prepared in anticipation of litigation; or (c) constituting or reflecting either the impressions, conclusions, opinions, or legal research of Hugo's' counsel or confidential communications between Hugo's and its attorneys. Such information and documents are protected from discovery under the attorney-client privilege, attorney work product doctrine, or both. To the extent that any interrogatory seeks such information or the production of such documents, the information or documents will not be provided. Moreover, Hugo's has endeavored to avoid producing documents subject to the attorney-client privilege or the attorney work product doctrine. Any inadvertent production of documents subject to the privilege or the doctrine therefore does not constitute a waiver by Hugo's of either the privilege or the doctrine.

2. Hugo's objects to any interrogatory that seeks responses or information beyond that which is authorized and permitted under the Federal Rules of Civil Procedure.

3. Hugo's objects to any interrogatory that seeks information solely in the possession, custody, or control of any person or entity other than Hugo's.

4. Hugo's objects to any interrogatory that is overbroad and unduly burdensome in that it seeks information already in the possession of Plaintiff.

5. Hugo's objects to any interrogatory that seeks information or documents not relevant to the issues posed by the pleadings or likely to lead to the discovery of admissible evidence.

6. Hugo's objects to any interrogatory that seeks responses or information outside the time period relevant to the issues in this case.

7. Hugo's objects to any interrogatory that is ambiguous by virtue of a compound, conjunctive, or disjunctive structure.

8. Hugo's objects to any interrogatory that is cumulative or duplicative.

9. Hugo's objects to any interrogatory that seeks information or the production of documents that contain confidential or proprietary business information and will only produce such documents or information pursuant to a protective order.

10. Hugo's objects to any interrogatory that requires words or phrases to be interpreted in a manner different from or inconsistent with their ordinary and customary meaning.

11. Any representation made by Hugo's that it will provide or make available responsive information or documents is not meant to imply that such requested information or

documents actually exist, but merely means that the requested information or documents will be produced to the extent known or available.

12. These Answers to Interrogatories are based upon information now known to Hugo's. To the extent that Hugo's' investigation of the facts and preparation for trial is incomplete, Hugo's reserves its right to amend, modify, or supplement the Answers set forth herein.

Without waiving any of the foregoing General Objections, Hugo's responds to Plaintiff's Interrogatories as follows, incorporating by reference each of the foregoing General Objections in each of the specific answers below:

**INTERROGATORIES**

**Interrogatory No. 1**

Explain what steps, if any, defendant has taken in order to comply with the FACTA amendment to the FCRA as it relates to truncation of credit card information on receipts since December 4, 2003.

**Answer No. 1**

Hugo's objects to this interrogatory as it is overbroad as to time frame and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of the general objections, Hugo's states that it contracted with a point of sale vendor, Data-Wave, Inc., for compliance with any truncation requirements.

**Interrogatory No. 2**

Identify and explain all practices, procedures and policies defendant had in place between January 1, 2001 and January 15, 2007, in order to ensure that defendant was in compliance with laws that apply to its business.

**Answer No. 2**

Hugo's objects to this interrogatory as it is overbroad as to time frame and scope and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. With respect to FACTA compliance, see Response to Interrogatory No. 1.

**Interrogatory No. 3**

Identify all departments, and all employees within those departments, that had any involvement in ensuring compliance with applicable laws, including the FACTA amendment to the FCRA.

**Answer No. 3**

Hugo's objects to this interrogatory as it is overbroad as to scope and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of the foregoing and general objections, Hugo's states that Jeff Harris, Hugo's Controller, and Jim Montalbano, Hugo's head of Information Technology, were involved with compliance.

**Interrogatory No. 4**

Identify all third parties, agents or other entities that had anything to do with helping ensure defendant's compliance with applicable laws, including the FACTA amendment to the FCRA.

**Answer No. 4**

Hugo's objects to this interrogatory as it is overbroad as to scope and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of the foregoing and general objections, Hugo's states that it contracted with Data-Wave, Inc. for such compliance.

**Interrogatory No. 5**

Identify and provide the number for all persons to whom defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

**Answer No. 5**

Hugo's objects to this interrogatory as it is overbroad and unduly burdensome. Subject to, and without waiver of the general objections, in accordance with Federal Rule of Civil Procedure 33(d), Hugo's states that it will produce electronically printed receipts from the point of sale or transaction, in transactions occurring after December 4, 2006, which receipt displays the expiration date of the person's credit or debit card, in response to Plaintiff's Document Request Number 20.

**Interrogatory No. 6**

State how and when you first learned of FACTA's expiration date and credit card number truncation requirements, and identify what steps and/or procedures you took in order to prevent credit card expiration dates or more than five digits of the card number from being printed on receipts. Include the date the step was taken, the person(s) who decided to take the step, the person(s) who performed the step and how the step altered defendant's practices.

**Answer No. 6**

Subject to, and without waiver of the general objections, Hugo's states that it learned of credit card number truncation requirement in or around September, 2004. Hugo's states that it learned of FACTA's expiration date truncation requirement in or around late May, 2007. In or around late May, 2007, Hugo's contacted Data-Wave, Inc. to assure that Hugo's was in compliance with the expiration date truncation requirement.

**Interrogatory No. 7**

List all trade publications and other publications that your managers, executives or owners subscribe to.

**Answer No. 7**

Hugo's objects to this interrogatory as overbroad as to scope, ambiguous as to the term "trade publications," and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 8**

Identify all claims and complaints (including but not limited to pleadings and correspondence) you have received regarding dissemination of credit card information, including noncompliance with FACTA. Explain what steps, if any, defendant has ever taken in order to comply with the FACTA amendment to the FCRA as it relates to truncation of credit card information on receipts, including brick and mortar stores, as well as internet.

**Answer No. 8**

Hugo's objects to this interrogatory as "[i]dentify all claims and complaints" is overbroad as to time frame and scope and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and "[e]xplain what steps, if any, defendant has ever taken in order to comply with FCRA" is redundant of Interrogatory Number 6.

**Interrogatory No. 9**

Identify all of defendant's departments, and all employees within those departments, that had any involvement in ensuring compliance with laws pertaining to the substance of what is printed on credit card receipts between December 4, 2003 through January 1, 2008.

**Answer No. 9**

Hugo's objects to this interrogatory because the terms "involvement" and "pertaining to the substance of what is printed on credit card receipts" as used herein are vague. Subject to, and without waiving the foregoing and general objections, Jeff Harris, Hugo's Controller, and Jim Montalbano, Hugo's head of Information Technology, were involved.

**Interrogatory No. 10**

Identify all third parties and/or vendors that have been involved in printing or administering defendant's receipts. A complete answer would include, at least,

defendant's merchant bank and any other companies involved in credit card processing or administration.

**Answer No. 10**

Hugo's objects to this interrogatory because the terms "involved in" and "administering" as used herein are vague and ambiguous. Subject to, and without waiving the foregoing and general objections, Hugo's states that LaSalle Bank, which is now part of Bank of America, is the bank that processes Hugo's credit card transactions and that Data-Wave, Inc. is Hugo's point-of-sale vendor.

**Interrogatory No. 11**

Please identify the person(s), by name, address and telephone number, responding to these requests, each person consulted in preparing the responses, the interrogatory answer(s) they were consulted about, and identify each document consulted or referred to by that person.

**Answer No. 11**

Hugo's objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Subject to, and without waiver of the foregoing and general objections, Hugo's states that the following persons were consulted in preparing the responses:

(1) Jeff Harris
c/o Jonathan S. Feld
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Chicago, Illinois 60661-3693
(312) 902-5200
(312) 902-1061 (fax)

(2) Jim Montalbano
c/o Jonathan S. Feld
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Chicago, Illinois 60661-3693

(312) 902-5200
(312) 902-1061 (fax)

(3) Kemel Kelemet
Data-Wave, Inc.
1440 N. Kingsbury
Suite 5
Chicago, IL 60655
(312) 943-6255

**Interrogatory No. 12**

Identify any documents or other things that are responsive to plaintiff's "Rule 34 Requests" below, that are not being produced. Explain the substance, creation date, whereabouts, and request to which they are responsive and of each of those things, and explain defendant's reason(s) for not producing them.

**Answer No. 12**

Hugo's will produce all non-privileged responsive documents it can locate after a reasonable search subject to its objections. Hugo's objects to identifying all documents that are requested but will not be produced due to relevance, overbreath and burdensomeness objections. Subject to, and without waiver of the foregoing and general objections, Hugo's states that to the extent that there are any privileged but responsive documents that are not produced, Hugo's will identify such documents being withheld on the basis of privilege in a privilege log that will be provided in due course after the responsive documents are produced on April 30, 2008.

**Interrogatory No. 13**

Identify all claims and complaints (including pleadings and correspondence) you have received alleging noncompliance with any law or rule having to do with credit card receipts.

**Answer No. 13**

Hugo's objects to this interrogatory as overbroad as to time frame, scope, and "any law or rule having to do with," unduly burdensome, vague as to the terms "claims" and "complaints," and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing and general objections, Hugo's states that Hugo's received a complaint in or around late October 2007 regarding the printing of a customer's expiration date on a receipt.

Dated: April 15, 2008

Respectfully Submitted,

**HUGO'S FROG BAR – NAPERVILLE, LLC**

By: Laura A. Bernatowicz
One of Its Attorneys

Jonathan S. Feld (#6270992)
Dawn M. Canty (#6200971)
Laura A. Bernatowicz (#6289055)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200
(312) 902-1061 (fax)

## VERIFICATION

Under penalties of perjury, I, Jeff Harris, Controller of Hugo's Frog Bar-Naperville, LLC, verify that, based on reasonable inquiry, the foregoing Hugo's Response to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated: April 15, 2008

Jeff Harris
Controller
Hugo's Frog Bar-Naperville, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Hugo's Frog Bar-Naperville, LLC's Response to Plaintiff's First Set of Interrogatories** was served via U.S. mail, postage prepaid, and via facsimile on the 15th day of April, 2008 to the following counsel of record:

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street
Suite 2000
Chicago, Illinois 60606
(312) 726-1093 (fax)

Laura A. Bernatowicz
Laura A. Bernatowicz