# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK THOMAS, individually and on behalf of all others similarly situated, | ) | No. 08 C 455 |
| Plaintiff, | ) | Judge Elaine E. Bucklo |
| v. | ) | |
| HUGO'S FROG BAR- NAPERVILLE, LLC, | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO CLASS REPRESENTATIVE (CLASS DISCOVERY)**

Plaintiff responds to defendant's First Set of Interrogatories to Class Representative as follows:

**INTERROGATORIES**

1. State all facts and identify all witnesses and documents supporting or otherwise relating to the allegations in paragraph 25 of the Complaint that "Plaintiff's claims are typical of the claims of the Class" with respect to each of the classes defined in paragraph 22 of the Complaint.

**RESPONSE**: Plaintiff objects to this contention interrogatory as discovery is in the initial stages. Without waiving said objection, plaintiff states that all of the class members' claims rest on defendant's policies and practice which are uniform to all class members.

2. Identify all terms and conditions of Plaintiff's fee agreement with the Law Offices of Keith J. Keogh, Ltd., or any other attorney retained on behalf of Plaintiff, includmg.

without limltation, the payment of costs and expenses for the prosecution of this litigation.

**RESPONSE**: Plaintiff objects to this request to the extent it calls for information protected by attorney-Client or work product privilege and is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Without waiving any objection, plaintiff states that Law Offices of Keith J. Keogh, Ltd. is advancing the costs and fees.

3. Identify how you learned of the ability to pursue a lawsuit related to a FACTA violation based upon an expiranon date being printed on a receipt.

**RESPONSE**: Plaintiff objects to this request as irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Plaintiff states that he attended a seminar of the National Auto Dealers Association that discussed FACTA's truncation requirement as well as was reminded of FACTA's truncation requirement by his cousin.

4. Identify any relationship you had with the Keith J. Keogh or any member of the Law Offices of Keith J. Keogh; Ltd. prior to your retention of Keogh, and identify the date and terms of retention.

**RESPONSE**: Plaintiff's states that he had no prior relationship with Keith J. Keogh or the Law Offices of Keith J. Keogh, Ltd., prior to this litigation.

5. Without any limitation as to time period, identify each lawsuit, including its caption, case number, the date on which it was filed and the court in which it was filed, in

which Plaintiff is or has been involved, including, without limitation, those for which Plaintiff previously has been proposed or approved as a representative class plaintiff.

**RESPONSE**: Plaintiff objects to this request as irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Plaintiff further states that the only FACTA cases or cases where he has been proposed or approved as a representative class plaintiff are as follows:

Thomas v. Hugo's Frog Bar 08 C 455 filed on January 19, 2008 District Court

Thomas v. Ritz Camera Centers 08 C 453 on January 22, 2008 District Court

6. Without any limitation as to time period, identify each lawsuit involving FACTA in which Plaintiff's counsel is or has been involved, including its caption, case number, the date on which it was filed and the court in which it was filed.

**RESPONSE:** Plaintiff objects to this request as irrelevant and not reasonably calculated to lead to discovery of admissible evidence as well as overburdensome.

7. Without any limitation as to time period, identify each deposition and/or trial testimony given by Plaintiff.

**RESPONSE**: Plaintiff objects to this request as irrelevant and not reasonably calculated to lead to discovery of admissible evidence as well as overbroad in scope to make it overburdensome. Without waiving said objection, plaintiff states he gave his deposition testimony in Thomas v Ritz Camera Centers on April 15, 2008, plaintiff believes he gave testimony for a workmen Comp lawsuit and his divorce as well as testifying for cases related to his employment as a volunteer fireman or fireman. Plaintiff objects to

8. State all facts relating to each class member who is known by you to fit into any of the classes defined in paragraph 22 of the Complaint, including, without limitation the identity of the class member, whether the class member's receipt displayed (a.) more than the last five digits of the person's credit card or debit card, or (b) the expiration date of the person's credit or debit card, or (c) both, and the damages suffered by the class member.

**RESPONSE**: Plaintiff states that there are no other class members known personally by him who fits into the definition of class member.

9. Identify all facts, persons with knowledge, and documents relating to Plaintiff's allegations contained in paragraph 11 of the Complaint "Defendant has willfully violated this law and failed to protect plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement."

**RESPONSE**: Plaintiff states that defendant knew or should have known about the requirements of FACTA as of December 4, 2006. After the effective date of the statute, defendant, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006. Plaintiff further states that defendant chose to ignore the requirements of FACTA with respect to certain transactions and continue to print electronic receipts with credit card numbers and expiration dates. On information and belief, VISA,

MasterCard, the PCI Security Standards Council a consortium founded by VISA, MasterCard, Discover, American Express and JCB- companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and defendant's need to comply with same. Most other retailers readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their internet site, card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to cardholders. Defendant could have readily done the same. Defendant willfully disregarded FACTA's requirements and continued to print receipts in violation of FACTA. Plaintiff further states that he will supplement this request as discovery progresses.

10. Identify facts, person with knowledge, and documents relating to Plaintiff's allegations contained in paragraph 22 of the complaint that Defendant Hugo's provided an electronically printed receipt which displayed more than the last five digits of the person's credit card or debit card number, or both more than the five digits and the expiration date.

**RESPONSE**: Plaintiff states that he was provided a cash register receipt from defendant on two separate occasions that displayed his credit card expiration date. Plaintiff further states that the printing of the receipts is an automated process that applies to all class members.

11. Identify facts, persons with knowledge, and documents relating to Plaintiff's

allegation in paragraph 75 of the Complaint that Defendant "willfully" violated FACTA's requirements.

**RESPONSE:** See response to Interrogatory No. 8.

12. Identify all facts, persons with knowledge, and documents relating to Plaintiff's allegation in paragraph 35 of the Complaint that Defendant knew of the truncation requirement.

**RESPONSE:** Plaintiff objects to this request as the information is in the control of defendant and further directs defendant to his response to Interrogatory No. 9. Plaintiff will supplement as required.

13. State all facts relating to Plaintiff's allegation in paragraph 17 of the Complaint that Plaintiff "is a former victim of identity theft".

**RESPONSE:** Plaintiff will produce documents responsive to this request.

14. Identify all communications regarding any of Defendant's receipts, Defendant's compliance with FACTA and/or this litigation.

**RESPONSE:** Plaintiff objects based upon the attorney-client privilege, and the work product doctrine. Plaintiff has no record of any communications regarding Defendant's receipts, Defendant's compliance with FACTA and/or this litigation other then documents protected by the attorney-client or work product privilege.

15. Identify all facts, persons with knowledge, and documents relating to Plaintiff's

allegation in paragraph 6 of the Complaint that "[i]t is possible for sophisticated identity thieves to replicate a credit card number using the expiration date and the last four digits of the card number."

**RESPONSE**: Plaintiff objects to this interrogatory because exposure to identity theft is not a required element to any cause plaintiff has brought under FACTA, and the interrogatory is therefore not reasonably calculated to lead to discovery of admissible evidence. Further, plaintiff objects because he is not an identity thief or credit card fraudster, and therefore does not know all methods employed by such persons. Plaintiff further objects because defendant is in possession of the information requested. Further answering, plaintiff states that while credit card expiration dates and four numbers of the card, alone, are not enough for an identity thief to steal, that information coupled with the information that a thief may obtain through an account statement is sufficient to make a card-not-present transaction.

A credit card statement is obtainable through "dumpster diving," the practice of going through a person's garbage to obtain information useful for identity theft, including both credit card statements and receipts.

Card-not-present transactions often require the purchaser to provide the name, address, credit card number and expiration date for the credit card. A credit card statement will provide a thief with the name, billing address and credit card number, but not the expiration date. Defendant's printing of the expiration date on a receipt, which is likely to be discarded in the same trash as credit card statements, thus provides the only other information necessary to make illicit card-not-present transactions.

Plaintiff recognizes that some merchants that do card-not-present transactions require that the purchaser provide a CVC code that is on the reverse side of the credit card.

While such requirements are commendable because they make it more difficult to steal the cardholder's identity, the expiration date is still a necessary component of illicit use of a credit card, and the only place other than the card itself that this information is ever printed is on defendant's illegal receipts.

Plaintiff further responds that, while CVC requirements are a good idea, and some merchants may be contractually required to require them for card-not-present transactions, plaintiff does not believe that it is appropriate to rely upon merchants to comply with such requirements. For example, defendant was contractually and legally required to truncate the expiration date, but failed to do so.

Because of the exceedingly broad nature of the request, plaintiff cannot possibly list all responsive possible scenarios.

16. Identity all facts, persons with knowledge, and documents relating to Plaintiff's allegation in paragraph 7 of the Complaint that "[t]he expiration date is generally necessary for misuse of the card number."

**RESPONSE**: Please see response to Interrogatory 15.

17. Identify all instances of identity theft involving you arising after May 12, 2007.

**RESPONSE**: Plaintiff states that there are no instances of identity theft arising after May 12, 2007 that he is aware of.

18. Identify the date each receipt from Hugo's was issued to you.

**RESPONSE**: Please see response to Interrogatory No. 14. Plaintiff is investigating if he has additional receipts.

19. Are the Hugo's receipts referred to in paragraph 20 of the Complaint currently in your possession, and have the receipts ever been out of your possession? Describe.

**RESPONSE:** Plaintiff states that Hugo's receipts referred to in paragraph 20 of the Complaint is currently in the possession of the Law Offices of Keith J. Keogh, Ltd.

20. When did you notice the expiration date displayed on your Hugo's receipts? Did you notify Defendant after you noticed? Identify any such notice.

**RESPONSE:** Plaintiff states that he does not recall the exact date on which he noticed the expiration date on the receipt provided to him by defendant. Plaintiff further states that he believes it may have been when he paid the bill at the restaurant on the second date.

21. Identify all persons who have suffered actual harm as a result of Hugo's printing a receipt for that person from December 4, 2006 to the present.

**RESPONSE:** Plaintiff states that harm is not an element of his cause against defendant. Plaintiff further states that he and the class have been harmed in that defendant has unnecessarily exposed them to identity theft, including credit card fraud.

22. Specifically enumerate and calculate all monetary damages you suffered by virtue of the allegations contained in the Complaint and identify all facts, persons with knowledge, and documents supporting or otherwise relating to Plaintiff's claims that the damages as alleged in the Complaint were caused by Defendant.

**RESPONSE**: Plaintiff objects to this request as irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Plaintiff is seeking statutory damages under the FCRA of between $100 and $1,000 per receipt plus attorney fees and costs of this suit.

23. Identify each and every person who provided information used in answering these Interrogatories, identifying the Interrogatories for which each such person provided. information.

**RESPONSE**: Plaintiff states that he answered defendant's Interrogatories along with assistance from his counsel.

Submitted by: Mark Thomas

By: ______________________
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)