**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK THOMAS, individually | ) | |
| and on behalf of all | ) | |
| others similarly situated | ) | 08 C 455 |
| | ) | |
| Plaintiff, | ) | Judge Bucklo |
| | ) | |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| HUGO'S FROG BAR-NAPERVILLE, LLC. | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |

**MOTION FOR LEAVE TO AMEND AND TO**
**RESET CLASS CERTIFICATION BRIEFING SCHEDULE**

Plaintiff respectfully requests that this Court grant him leave to file the attached amended complaint, Exhibit A, and to reset the class certification briefing schedule so that plaintiff may file a revised motion for class certification by May 21, 2008. In support of this motion, plaintiff states:

The Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), prohibits merchants from printing more than 5 digits of cardholders' credit or debit card numbers on receipts. 15 U.S.C. 1681c(g). It also prohibits printing the expiration date on receipts. *Id.*

Although Hugo's had actual knowledge of FACTA's expiration date truncation law in October 2004, Proposed Amended Cmplt. Exhibit 1, on May 12, 2007 and May 19, 2007, it provided to plaintiff computer generated credit card receipts that displayed his expiration date at its 55 South Main Street store in Naperville restaurant. Hugo's provided similar noncmpliant receipts to tens of thousands of other Chicagoland consumers. Because it knew about the law's requirements, but violated FACTA anyway, Hugo's actions were reckless, and therefore "willful"

under 15 U.S.C. § 1681n. Plaintiff suspects that defendant violated FACTA because it either (1) did not know that there might be penalties associated with noncompliance, or (2) believed that the Washington D.C. restaurant lobby was so powerful that any potential damages would be nullified through legislative retroactive immunity.

If defendant relied upon the second factor it has not been disappointed. In May, 2008, the House of Representatives and the Senate passed the "Credit and Debit Card Receipt Clarification Act of 2007," which is expected to become law in June, 2008. The bill amends the FCRA statutory damages section, 15 U.S.C. § 1681n, to "clarify" that printing expiration dates on credit card receipts is *per se* not "willful." The bill applies to all actions that have not reached a judgment, regardless of when they were filed.

The "Clarification Act" does not affect suits for negligent violations of FACTA under 15 U.S.C. § 1681o. That section provides that:

> (a) In general - Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
>
> > (1) <u>any actual damages</u> sustained by the consumer as a result of the failure; and
> >
> > (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. [emphasis added]

Plaintiff thus seeks to amend the complaint to add allegations that defendant's admitted violation of § 1681c(g) was negligent under § 1681o. Plaintiff intends to introduce evidence that credit card expiration dates are used by identity thieves as a pretext to gain more information about plaintiff, and to perpetrate further fraud. Thus, class members are advised to invest in credit monitoring service for a period of several years, which generally costs between $12 and $15 per month. Plaintiff intends to prove actual damages for himself and the class arising out of inconvenience and cost

associated with mitigating the increased risk of identity theft and credit card fraud that defendant's violation caused.

Courts from this circuit agree that the express purpose of FACTA was to stop identity theft from happening. *Cicilinne v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D.Ill. 2008). Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's credit card number and the expiration date of that credit card." *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782, 786 (N.D. Ill. 2007). According to Patrick Faith, Vice President of Encryption and Authentication Processing for Visa U.S.A. Inc.,

> The primary purpose of the expiration date on a Visa payment card is fraud detection and prevention.

Proposed Amended Cmplt. Exhibit 2.

For example, plaintiff seeks damages associated with having to clean up and monitor the mess that defendant created in illegally printing plaintiff's personal information on his receipt. Persons who have been exposed to defendant's practices would be wise to mitigate their risk by purchasing credit monitoring services and meticulously reviewing one's old credit card statements looking for fraudulent charges, an inconvenient task, the specific need for which arises directly out of defendant's FACTA violation.

The Seventh Circuit has indicated that privacy concerns and risk of identity theft arising out of FCRA violations are compensable actual damages. *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("[I]ndividual losses, if any, are likely to be small--a modest concern about privacy, a slight chance that information would leak out and lead to identity theft."), It has also indicated that damages arising out of prospective harm are available under the FCRA. *Cf. Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666 (7th Cir. 2001). The broad scope of what may

constitute "actual damages" under §§ 1681n and 1681o, was demonstrated by the Seventh Circuit's citation of the Fifth Circuit case, *Cousin v. TransUnion*, which stated that "Actual damages may include damages for humiliation or mental distress even if the consumer has suffered no out-of-pocket losses, as well as damages for injury to reputation and creditworthiness." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 369 (5th Cir. 2001), cited with approval in *Wantz v. Experian Information Solutions, Inc.*, 386 F.3d 829 (7th cir. 2004).

Through passage of FACTA, Congress has clearly also codified a privacy right. "The FCRA ... expressly states that it is intended to protect "the consumer's right to privacy." 15 U.S.C. § 1681(a)(4)." *Pietras v. Sentry Ins. Co.*, 2007 U.S. Dist. LEXIS 16015 (N.D. Ill. Mar. 6, 2007) (holding that allegations that defendant violated the FCRA by invading the privacy of a class persons triggered insurance coverage) (Kennelly, J.). Defendant's exposure of plaintiff and the class' credit card information on their receipts is thus akin to a public disclosure of private fact, and is thus compensatory damages are analogously available. *Rivera Castillo v. Autokirey, Inc.*, 379 F.3d 4, 11 (1st Cir. 2004) (holding that actual damages and compensatory damages are "synonymous.")

Since defendants' lobbying efforts to take away consumers' right to statutory damages has been successful, plaintiff seeks to prove actual damages on a class-wide basis. Granted, these are novel theories. But these are novel circumstances, too. Plaintiff will prove that there is a substantial prospective and compensable harm arising directly out of defendant's violation. *AFGE v. Hawley*, 2008 U.S. Dist. LEXIS 25308 (D.D.C. Mar. 31, 2008) (denying motion to dismiss under Privacy Act, which limits suits to those with actual damages even though "plaintiffs concede[d] that they 'have not pled current, actual, financial loss.'")

As Judge Easterbrook stated in *Murray*, "Maybe suits such as this will lead Congress

to amend the Fair Credit Reporting Act; maybe not. While a statute remains on the books, however, it must be enforced rather than subverted." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953-54 (7th Cir. 2006). Congress has acted again. It amended the FCRA to provide immunity from statutory damages for willful 1681c(g) violations. The fact that the law was not changed as to actual damages indicates that Congress intended suits such as which plaintiff proposes.

Further, Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." Justice requires permitting plaintiff leave to amend in this instance because the amendments are based upon discovery plaintiff has received in the case.

A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord, Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993).

Plaintiff has not engaged in delay. This case has just begun.

The amendments will not cause any prejudice to the defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d

Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

If this Court grants plaintiff leave to amend, plaintiff also requests that this Court vacate the existing class certification schedule, and set an entirely new briefing schedule on the issue. Plaintiff's current motion for class certification asks for a class to be certified as to statutory damages, only. Assuming President Bush signs the Credit and Debit Card Receipt Clarification Act, and the Act becomes a valid law, the revised motion for class certification will ask that a "negligence" class to be certified under section 1681o, only.[1]

WHEREFORE, respectfully requests that this Court grant him leave to file the attached amended complaint, Exhibit A, and to reset the class certification briefing schedule so that plaintiff may file a revised motion for class certification by May 21, 2008.

Respectfully submitted,

/s/ Alexander H. Burke

Keith J. Keogh
Alexander H. Burke

---

[1] Many of the issues for a class under 1681n for willful violations and 1681o for negligent violations are the same. For example, the identities of the class members and plaintiff's proofs for liability will be identical. The only difference will be that plaintiff is requesting actual damages rather than statutory damages. And while the Seventh Circuit has made clear that the damages requested in a case should never bar certification *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660-61 (7th Cir. 2004), plaintiff expects that targeted briefing on the issue of an actual damages class may be appropriate.

LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

**CERTIFICATE OF SERVICE THROUGH ELECTRONIC MEANS**

I hereby certify that on June 3, 2008, I caused a true and correct copy of the foregoing to be served upon the individuals listed above via ECF electronic delivery.

/s/ Alexander H. Burke