IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK THOMAS, individually, and on behalf of all others similarly situated, | ) ) ) Case No. 08 C 455 |
| Plaintiff, | ) ) Judge Bucklo |
| v. | ) ) Magistrate Judge Valdez |
| HUGO'S FROG BAR-NAPERVILLE, LLC. | ) ) ) |
| Defendant. | ) |

## HUGO'S FROG BAR-NAPERVILLE, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Hugo's Frog Bar-Naperville, LLC, ("*Hugo's*"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(c), requests that this Court enter judgment on the pleadings in favor of Hugo's on Plaintiff's original complaint, filed January 22, 2008 (the "*Complaint*"). In support of its Motion, Hugo's states the following:[1]

1.  On May 20, 2008, Congress unanimously passed The Credit and Debit Card Receipt Clarification Act of 2007 (the "Act"). The Act amends the Fair and Accurate Credit Transactions Act ("FACTA") to clarify that it cannot be a willful violation of FACTA for a business to print on a receipt the expiration date of a credit or debit card so long as the business does not also print more than the last five digits of the credit or debit card number.

2.  The Act expressly provides that it will apply retroactively to December 4, 2006, to cover all lawsuits that are not already final. "The amendment made by subsection (a) shall apply to any action, other than an action which has become final, that is brought for a violation

---

[1] Hugo's submits a memorandum of law concurrently with this filing.

of 605(g) of the Fair Credit Reporting Act to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act." H.R. 4008.

3. The Act was delivered to the President on May 23, 2008. The President signed the Act on June 3, 2008, and the Act became effective on that day.

4. In light of the recent legislative action amending FACTA, Hugo's seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) now, before any further action is taken in this case, including the significant burden and cost of issuing class notice to putative class members should a class be certified.

5. Plaintiff's Complaint alleges that Hugo's failed to remove the expiration date from a "computer generated receipt" that Plaintiff received from Hugo's Naperville location. (Compl. ¶ 20.) Plaintiff seeks statutory damages, attorneys' fees and costs solely based upon the allegation that the receipt displayed his credit/debit card expiration date. (Compl. ¶ 13.) Plaintiff has not sought any damages associated with actual harm. (*See* Compl. ¶ 77.)

6. In light of the recent legislation, even if the Complaint allegations are viewed to be true, Plaintiff cannot establish a willful violation of FACTA as a matter of law and Plaintiff cannot recover any damages whatsoever, including statutory damages, attorneys' fees, or costs.

7. Accordingly, Hugo's motion for judgment on the pleadings should be granted, and Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(c).

**WHEREFORE**, Defendant Hugo's Frog Bar-Naperville LLC respectfully moves this Court to enter judgment on the pleadings in favor of Hugo's with respect to Plaintiff's original Complaint.

Dated: June 13, 2008

                        Respectfully submitted,

                        **HUGO'S FROG BAR – NAPERVILLE, LLC**

            By:        /s/ Dawn M. Canty
                        One of Its Attorneys

Jonathan S. Feld (6270992)
Dawn M. Canty (6200971)
Laura A. Bernatowicz (6289055)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200
(312) 902-1061 (fax)

#50487616