**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 455 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| HUGO'S FROG BAR-NAPERVILLE, LLC, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**HUGO'S FROG BAR-NAPERVILLE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Defendant Hugo's Frog Bar-Naperville, LLC, ("Hugo's"), by and through its attorneys, pursuant to Federal Rule 12(c) in support of Hugo's Motion for Judgment on the Pleadings, and in opposition of Plaintiff's Motion for Leave to Amend states the following:

## INTRODUCTION

On June 3, 2008, the President signed into law H.R. 4008, The Credit and Debit Card Receipt Clarification Act of 2007 (the "Act"), which Congress had passed unanimously. *See* H.R. Res. 4008 110th Cong. (2008) (enacted) (attached as Ex. A). The Act curbed the proliferation of lawsuits arising from merchants' failure to remove the expiration date of credit or debit cards. The Act puts an end to Plaintiff's case that seeks statutory damages based solely upon the allegation that a merchant willfully violated FACTA by failing to remove the expiration dates of credit or debit cards from receipts, even though the merchant properly truncated the credit or debit card number.

The Act provides:

> (d) CLARIFICATION OF WILLFUL NONCOMPLIANCE.—For the purposes of this section, any person who printed an expiration date of any receipt provided to a consumer cardholder

> at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of [FACTA] for such receipt shall not be in willful noncompliance with [FACTA] by reason of printing such expiration date on the receipt.

H.R. 4008 § 3(a), codified at 15 U.S.C. § 1681n(d). Further, the Act expressly provides that it will apply retroactively to cover all lawsuits that are not already final:

> The amendment made by subsection (a) shall apply to any action, other than an action which has become final, that is brought for a violation of [FACTA] to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act.

H.R. 4008 § 3(b). This change in the law necessitates entry of judgment on the pleadings dismissing with prejudice Plaintiff's Complaint because it is no longer viable.

Plaintiff should not be permitted to amend his Complaint in an attempt to circumvent the Act. Congress amended FACTA to address lawsuits like the one filed here. Plaintiff conceded that he suffered no damages by display of his cards' expiration dates even though the receipts were issued over one year ago. Yet he attempts to overcome this fatal deficiency by claiming that the Hugo's receipts subjected him to a heightened risk of identity fraud. Plaintiff speculates that one whose credit or debit chard expiration date is revealed would need to engage a credit monitoring service and could suffer emotional distress arising from this supposed heightened risk of identity theft. But Plaintiff has not **actually** suffered any such damages - - the only type now available to him. As such, his proposed amendment is futile and his Motion for Leave to Amend should be denied.

## FACTUAL ALLEGATIONS

Hugo's, a privately owned restaurant in Naperville, Illinois, accepts credit and debit cards. (Compl. ¶¶ 18-19.) Plaintiff allegedly received from Hugo's two "computer-generated" receipts, printed on separate occasions on May 12, 2007 and May 19, 2007 (the "Hugo's

receipts") "which displayed his expiration date." (Compl. ¶ 20.) Plaintiff alleges that Hugo's knew, or should have known, of the "truncation" requirement, that requires the expiration date be removed. (Compl. ¶¶ 35-36.)

In his original Complaint, Plaintiff alleges that Hugo's willfully violated Section 1681c(g)'s prohibitions, when it displayed his credit card's expiration dates on the Hugo's receipts, for which he seeks on behalf of himself and a proposed class, statutory damages, punitive damages, attorney fees, and costs. (Compl. at ¶¶ 75-77.) The sole basis for the allegation of willfulness is that "[t]he requirement was widely publicized among retailers." (Compl. ¶ 37.) Plaintiff does not allege that Hugo's printed any receipt containing more than the last five digits of the person's credit or debit card number, nor does he allege actual harm or identity theft resulting from the display of his credit card's expiration date. To the contrary, Plaintiff admits that, to date, he has not been injured nor has he suffered damages resulting from the Hugo's receipts; nor does he seek monetary damages from Hugo's. (Ex. B, Deposition Transcript of Mark Thomas ("Thomas Tr.") at 61, 64-65, 82.) Rather, Plaintiff identifies his only damages as "a heightened risk of identify theft." (Ex. C, Plaintiff's Response to Defendant's First Set of Requests for Admission to Class Representative (Class Discovery), at ¶1.)

In his proposed Amended Complaint, filed after the Act was passed, Plaintiff bases his request for relief on the same predicate acts of printing two receipts that contained his credit cards' expiration dates. In the proposed amendment, however, he now seeks actual damages, despite previously disclaiming such damages. (Proposed Am. Compl. ¶ 87.) Although he does not plead in the proposed Amended Complaint that he has suffered actual damages, in his Motion for Leave to File the proposed Amended Complaint, Plaintiff reveals that he will seek

damages for emotional and mental distress and for costs arising to protect and monitor his credit based on the potential risk of identity theft. (Mot. at 3-4.) In his deposition, however, Plaintiff did not reveal any basis for damages for emotional or mental distress and he admitted that, as a former victim of identify theft, he has been monitoring his credit beginning as early as 2005 and thus was not forced to incur any further monitoring costs associated with the Hugo's receipts. (Thomas Tr. at 104.) Mr. Thomas also admitted that he had not yet suffered any damages and conceded that he did not seek actual damages. (Thomas Tr. at 61, 64-65, 136-137)

## ARGUMENT

### I. Hugo's Motion For Judgment On The Pleadings Should Be Granted Because Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted Due To The Change In The Law.

Federal Rule of Civil Procedure 12(h)(2) provides Hugo's with the right to raise the defense of failure to state a claim upon which relief can be granted by motion for judgment on the pleadings. Fed R. Civ. P. 12(h)(2). A court is to apply the same standards for a Rule 12(c) motion for judgment on the pleadings as it would for a Rule 12(b)(6) motion to dismiss. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). While when ruling on a 12(c) motion for judgment on the pleadings, the court must accept as true all well-pled facts *Id.* (citing *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004)), the Supreme Court has recently instructed, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above

the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations omitted).

## II. Under The Act, Plaintiff Cannot Maintain An Action For Willful Violation Of FACTA Against Hugo's Based Solely On The Printing Of His Cards' Expiration Dates.

H.R. 4008 eviscerates Plaintiff's initial Complaint, which simply alleges that Hugo's willfully violated FACTA by failing to remove the expiration date from the two Hugo's receipts. (Compl. ¶ 20.) Plaintiff seeks statutory damages, attorneys' fees and costs based solely on display of his credit cards' expiration dates. (Compl. ¶ 13.) Plaintiff does not seek actual damages in this Complaint. Because statutory damages are available ***only*** where defendant ***willfully*** violated FACTA, to sustain his initial Complaint, Plaintiff must establish that Hugo's willfully violated FACTA. 15 U.S.C. § 1681n. After passage of H.R. 4008, however, Plaintiff can no longer maintain an action against Hugo's for a willful violation of FACTA and statutory damages are no longer available to Plaintiff. *See* H.R. 4008 § 3(a). "H.R. 4008 makes a technical correction to the FACT Act to free hundreds of businesses from potential exposure to statutory damages that could total hundreds of millions or even billions of dollars solely because of their past harmless failure to redact the expiration date from an otherwise FACT Act compliant receipt." (Ex. D, 154 CONG. REC. H3730 (daily ed. May 13, 2008) (statement of Representative Mahoney). Thus, based on the unequivocal language of the Act and the legislative history, the Act was adopted specifically to foreclose the type of action pursued by Plaintiff.

## III. Plaintiff Should Not be Allowed to Amend his Complaint Because It Would Be Futile.

Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading "once as a matter of course before a responsive pleading is served," or otherwise "only by leave of court or

by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, if it is "clear that the complaint could not be saved by any amendment," leave to amend should not be granted. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 991 (9th Cir. 1999); *see also Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (listing futility of amendment as a reason to deny leave to amend).

### A. Plaintiff Lacks Any Basis To Claim That He Suffered Actual Damages.

If a plaintiff cannot pursue a willful violation, his only remedy is to pursue an action for negligent violation of FACTA. To pursue such a claim, however, Plaintiff must have suffered ***actual damages.*** 15 U.S.C. § 1681o. Plaintiff did not allege in his original Complaint that he suffered any damage (*see* Compl. ¶ 77). Indeed, he disclaimed any injury when he was deposed, but nevertheless seeks actual damages in the proposed Amended Complaint in a subsequent change of heart that occurred only after passage of the Act prevented him from pursuing a claim for a willful violation of FACTA. Plaintiff's proposed Amended Complaint itself makes no mention of what actual damages he supposedly incurred.

But in his Motion, Plaintiff reveals that he will seek damages for emotional and mental distress and damages supposedly attributable to a heightened risk of identity theft arising from the Hugo's receipts. (Mot. at 3-4.) Because, as set forth below, such damages do not constitute the actual damages contemplated by the Act, nor has Plaintiff suffered any such damages, he cannot cure his Complaint with naked assertions of actual damage. As such, amendment would be futile and the Court should deny Plaintiff leave to amend the Complaint.

#### 1. Plaintiff will not be able to prove actual damages, such as credit card fraud or identity theft, arising from the Hugo's receipts.

The display of an expiration date on a receipt does not itself cause actual damage to a consumer. In light of this fact, Congress unanimously passed H.R. 4008, which, as described

above, precludes any lawsuits against businesses like Hugo's who printed expiration dates on receipts between December 4, 2004 and June 3, 2008. H.R. 4008 § 3(a)-(b). Congress acknowledged that "[e]xperts in the field agree that proper truncation of the card number, by itself as required by the amendment made by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identify theft or credit card fraud." H.R. 4008 § 2(a)(6). In other words, in passing the Act, Congress concluded that inclusion of a card's expiration date on a receipt in a situation in which the credit card number is properly truncated, as it is here, will not cause damage to a consumer. Thus, to sustain a claim for actual damages arising from display of a credit card's expiration date requires more than the simple allegation that the expiration date was displayed. Display of the expiration date alone cannot constitute the "actual damage" contemplated by the Act.

Here, Plaintiff premises his allegations of actual damage on privacy concerns and the alleged increased risk of future identity theft. (Mot. at 3-4.) As set forth below, such concerns do not constitute the actual damages contemplated by the Act. Furthermore, Mr. Thomas has already admitted that he has not suffered any actual damages but bases his damages claim on the risk of future damage. (Thomas Tr. at 61, 64-65, 136-37.)[1/]

Plaintiff is similarly unaware of any actual injury suffered by any of the proposed class members. When asked whether he had determined if any of the class members that he purported to represent had suffered actual damages, Plaintiff simply replied, "No." (Thomas Tr. at 82.) Furthermore, Plaintiff acknowledged that he did not know of any class members who had been

---

1/ Indeed, even if he did claim to have suffered damages, Mr. Thomas cannot attribute such damages to the Hugo's receipts. Mr. Thomas admits that he located between twenty to forty non-compliant receipts, including others for the VISA and American Express cards he used at Hugo's and that he continued to use the cards after he located these receipts. (Thomas Tr. at 40, 42, 56, 135-136.) Mr. Thomas also located one receipt on which his entire card number was displayed. (Thomas Tr. at 42.) Mr. Thomas admits that he did not cancel any of these credit cards nor has he notified any credit card company of the exposure of the cards' expiration dates. (*Id.* at 64-66.)

"prior victims of identity theft" and that he did not know of any class members who had suffered identity theft or fraud after allegedly receiving the receipt with the expiration date on it from Hugo's. (Thomas Tr. at 82.) Because Plaintiff is unaware of even a single individual in the class he purports to represent who suffered actual damages as a result of fraud or identity theft, Plaintiff was unable to allege any such actual damages in his first Complaint, and fails to allege that he suffered any such actual damages in his proposed Amended Complaint, even though he baldly seeks such relief.

**2. Plaintiff will not be able to prove actual damages due to the alleged risk of identity theft.**

Plaintiff's purported privacy concerns with regard to the risk of identity theft arising out of a FACTA violation are factually and legally insufficient to sustain a prayer for relief for actual damage. (Mot. at 3.) First, such claims are legally insufficient. Plaintiff's reliance on *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948 (7th Cir. 2006), is misplaced. *Murray* simply acknowledges that although actual damages may result from identity theft, the damages may not be significant enough to justify individual pursuit. Apropos of this case, the Seventh Circuit has more recently held that "[w]ithout more than allegations of increased risk of future identity theft, the plaintiffs have not suffered a harm that the law is prepared to recognize." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 639-640 (7th Cir. 2007). Thus, the ***risk*** of future identity theft alone is not sufficient enough for Plaintiff to base his claim for actual damages. Indeed, the Act requires more than supposition that display of an expiration date could increase the risk of identity theft. Rather, it rejects such a notion, and requires actual damage to have occurred. Thus, Plaintiff cannot claim any actual damages arising from the purported concern of an increased risk of prospective identity fraud.

Plaintiff asserts in his Motion that his current damages consist of the cost of protecting himself from the "increased risk of identity theft and credit card fraud that defendant's violation caused" and calculates that cost at approximately $12-$15 per month, which is the alleged cost of a credit monitoring service. (Mot. at 2.) However, Mr. Thomas has incurred no additional costs in monitoring his credit. By his own admission, Plaintiff already had been monitoring his credit beginning as early as 2005 and thus was not forced to incur any further costs associated with Hugo's alleged violations. (Thomas Tr. at 104.)[2] Furthermore, Plaintiff claims that he has routinely exercised care with his credit card receipts. He does not discard credit card receipts, but maintains them at home. (Thomas Tr. at 41-42.) In addition, because one of the cards Plaintiff used at Hugo's expired within weeks of Hugo's printing the receipt exhibiting that card's expiration date, Plaintiff could not have been exposed to a heightened risk of identity theft from display of such expiration date for more than two weeks, and certainly cannot be at current or future risk of such theft with respect to that card. Indeed, Plaintiff admits that one year later, he is unaware of any identity theft arising from either credit card he used at Hugo's. (Thomas Tr. at 39.)

Because Plaintiff himself has not been damaged by Hugo's actions, he cannot maintain an action against Hugo's and he lacks standing to bring a class action on behalf of those who, hypothetically, have actual damages.

---

2 In 2005, Plaintiff was the victim of identity theft on at least three separate occasions. (Compl. ¶17; Thomas Tr. at 102-103.) His American Express card was used by a thief who made purchases and opened accounts at Sam's Club, Home Depot, and Lowe's. (Thomas Tr. at 102-103.) Plaintiff believes he is at greater risk of identity theft or credit card fraud based on these prior occurrences. (Thomas Tr. at 8-9.) Regardless, however, Plaintiff never thought of notifying his credit card companies that his expiration dates had been printed on receipts. (Thomas Tr. at 66.)

**3. Plaintiff Will Not Be Able To Prove Any Recognizable Emotional Damages Arising From The Hugo's Receipts.**

The Seventh Circuit maintains "a strict standard for a finding of emotional damage because they are so easy to manufacture." *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005). Furthermore, this standard requires that "when the injured party's own testimony is the only proof of emotional damages, [s]he must explain the circumstances of [her] injury in reasonable detail; [s]he cannot rely on mere conclusory statements." *Id.* at 609-610 (holding that the plaintiff's discussion of her hypertension and her description of defendant's actions as "inherently degrading or humiliating" did not meet the 7th Circuit's high threshold for proof of damages of emotional distress).

Plaintiff has not even attempted to assert any type of emotional distress. In addition, nothing in Plaintiff's Complaint, proposed Amended Complaint, or Motion suggests that he has experienced emotional distress sufficient to merit recovery of actual damages under the Seventh Circuit's exacting standard. Moreover, Plaintiff has already been deposed and was examined repeatedly concerning his damages and not once did he refer to any emotional distress. Therefore, Plaintiff cannot maintain an action against Hugo's based on alleged actual damages as a result of emotional distress.

Plaintiff points to the Fifth Circuit case, *Cousin v. Trans Union*, for the proposition that "[a]ctual damages may include damages for humiliation or mental distress even if the consumer has suffered no out-of-pocket losses, as well as damages for injury to reputation and creditworthiness." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 369 (5th Cir. 2001). However, in *Cousin*, the court held that the plaintiff could not recover emotional damages for feeling "real frustrated and irritated" because such evidence was very limited and legally insufficient. *Id.* at 370. Plaintiff next notes that *Wantz v. Experian*, a Seventh Circuit case, cites *Cousin* with

approval, and acknowledges that emotional distress can give rise to actual damages under FACTA. *Wantz v. Experian Info. Solutions, Inc.*, 386 F.3d 829, 834 (7th Cir. 2004). Like the court in *Cousin*, however, the Seventh Circuit found that the plaintiff's case for emotional damages could not go forward because his testimony that he was "humiliated and embarrassed every time he was rejected for credit" and that it was "mentally and emotionally distressful when dealing with credit reporting agencies" was not sufficient. *Id.* Plaintiff has made no such claims and, thus, has no recognizable claim for emotional damages.

**B. Because Plaintiff Has No Standing to Bring this Suit, Amendment Would be Futile and Thus His Motion For Leave to Amend Should Be Denied.**

As discussed above, there is no set of facts that Plaintiff can assert to support his claim for actual damages. To establish standing to bring a federal suit, a plaintiff must prove an "injury in fact," meaning an invasion of a legally protected interest that is "(a) concrete and particularized; and (b) and actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) Plaintiff cannot show any actual damages and therefore cannot prove any "injury in fact." Without being able to prove an injury in fact, Plaintiff does not have Article III standing to bring this case.

"A proposed amended complaint must be viewed in the light most favorable to the plaintiff; it should not be dismissed *unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of its claim.*" *Peterson Steels Inc., v. Seidmon*, 188 F.2d 193, 195 (7th Cir. 1951) (emphasis added). In his proposed Amended Complaint, Plaintiff has failed to plead any ***specific*** actual damages. In light of the fact that Plaintiff has already admitted that he has no actual damages, Plaintiff cannot cure the defects of his original Complaint by simply including a naked assertion that he seeks "actual damages." Because the Act prevents Plaintiff from obtaining statutory damages and Plaintiff

has no actual damages, any amendment to the Complaint would be futile and accordingly, this Motion should be denied.

## CONCLUSION

As such, the Court should grant judgment on the pleadings in favor of Hugo's with respect to Plaintiff's original Complaint, dismiss the Complaint with prejudice, deny Plaintiff's motion for leave to amend, and enter any relief this Court deems just and appropriate.

Date: June 13, 2008

Respectfully submitted,

**HUGO'S FROG BAR – NAPERVILLE, LLC**

By: /s/ Dawn M. Canty________________
One of Its Attorneys

Jonathan S. Feld (#6270992)
Dawn M. Canty (#6200971)
Laura A. Bernatowicz (#6289055)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200

#50487898